**RHEIN, Admr v RHEIN et**

Ohio Appeals, 1st Dist, Hamilton Co

No 4061.  Decided April 4, 1932

Spangenberg & Spangenberg, Cincinnati, and August A. Rendigs, Cincinnati, for plaintiff in error.

Harry Neal Smith, Cincinnati, and Frank L. Leonard, Cincinnati, for defendants in error.

HAMILTON, J.

While there are several specifications of error in the petition in error, the point made in the brief and argued goes to the weight of the evidence.

This action was not an attack upon the validity of the deeds made. In effect it was an action for a contribution growing out of an unfair and unlawful division of property.

If the guardian of the plaintiff's father defrauded his father in his estate, the proper proceeding would be to charge her for mal-administration of the guardianship. This is not a case where a suit is brought for a violation of a trust, in which the trustee must show fair dealing. That question would have to be tried in the Probate Court, where the action of the Guardian can be fully considered.

The burden of proof was on the plaintiff to establish fraud and conspiracy in this action by clear and convincing proof. The evidence as shown in the bill of exceptions is practically limited to a disparity in the sale value of the lots. Evidence was produced by the plaintiff to show that the lots allotted to plaintiff's father was of the value of $1700 to $1900, or at the rate of $50 per front foot, and produced evidence tending to show that the lots allotted to the others, including the executrix and the guardian of plaintiff's father, were worth as much as $120 per front foot.

The defendants produced evidence to the effect that there was little difference in the value of the properties at the time of the division in 1923, and produced evidence that lots allotted to others of the legatees had been sold at different prices, ranging from $40 to $50 per front foot.

There was evidence produced by the plaintiff that the lot taken by the executrix, with the saloon property, was worth from $7,500 to $10,000.

The defense introduced evidence tending to show that the building was old, decayed, and improper for occupancy, and that they had been required to expend a large sum of money before it was rentable. There was evidence that they had spent some $6,000 before it could be rented.

Defense also introduced evidence showing that at the meeting of the legatees or representatives of the legatees that none of them desired the lot with the buildings, since they were in such shape that it would necessitate the expenditure of a large sum of money to make them useable; that the executrix took this lot, because none of the rest wanted it. The executrix and her sister, the guardian of plaintiff's father, testified they selected the lots for William Rhein, Jr., and Carrie Rhein, first, because they considered them the most saleable of any of the lots.

There is evidence produced by the plaintiff, by real estate experts, tending to show a wide range in values between the lots, giving the smaller value to the lots allotted to the father of plaintiff and Carrie Rhein, the sister.

The defendants introduced a great deal of evidence to the effect that there was little difference in the value of any of the lots; that the prevailing market value of the lots was from $40 to $50 per front foot. There was evidence to the effect that some of the lots were more available for building purposes than the lot allotted to the plaintiff's father.

Sufficient comment on the evidence has been made to show plaintiff has failed to produce evidence sufficiently clear and convincing to establish fraud and conspiracy to defraud. In fact no attempt has been made to connect any of the defendants in the conspiracy, except the two guardians. No evidence is produced to show any of the other legatees were parties to any conspiracy. Further, the case is here on error and not appeal. This court can not weigh the evidence in this error pro-

ceeding. It could only reverse, if it found the judgment manifestly against the weight of the evidence.

Enough has been said to show the judgment of the trial court was justified under the evidence, and that judgment is affirmed.

ROSS, PJ, and CUSHING, J, concur.